UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EVAN REESE,

                                  Plaintiff,

v.                                                     Index No.

NIAGARA TRANSFORMER CORP.

                                  Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Tonawanda, New York.

5. The Defendant Niagara Transformer Corporation (hereinafter "NTC") is company organized and existing under the laws of the State of New York.

6. That from November of 2013 through August 17, 2019, Plaintiff was an employee of Defendant NTC.

7. NTC is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day

in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times herein, Defendant NTC exercised control over the Plaintiff.

9. At all relevant times herein, Plaintiff took direction from Defendant NTC.

10. At all relevant times herein Defendant NTC and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

### IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about January 13, 2020, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment he suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about February 20, 2020, EEOC mailed papers to the Plaintiff acknowledging said charge was received and filed by the EEOC. A copy of said charge is annexed hereto as Exhibit A.

13. On or about September 1, 2020, the EEOC mailed Plaintiff a "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit B.

### V. FACTS

14. Plaintiff was employed with the Defendant NTC as an assembler from November 2013 until August 17, 2019 when Plaintiff was terminated.

15. During May of 2019, Plaintiff suffered a workplace injury to his back due to a slip and fall on a ladder.

16. That due to the work accident, the Plaintiff missed a few days of work initially but returned to work thereafter.

17. That the Plaintiff was able to work sporadically for a few weeks until his back conditioned worsened and he had to once again seek medical treatment.

18. That on or about June 10, 2019, Plaintiff provided the Defendant NTC with a doctor's note clearing the Plaintiff to work with a light duty restriction. Per the restriction which was in place for four weeks, Plaintiff was prohibited from performing any tasks involving climbing or lifting any weight over 30 pounds.

19. That on or about June 21, 2020, the Defendant NTC informed the Plaintiff that he could not return to work until he had no restrictions.

20. That in or about July 15, 2019, the Plaintiff filed a Worker's Compensation Claim with New York State.

21. That the Plaintiff provided a second doctor's note to the Defendant NTC in or about July 16, 2019, that echoed the prior doctor's note's restrictions and extended the time period for an additional 30 days.

22. That on or about August 16, 2019, Defendant NTC terminated the Plaintiff for a "no call, no show" violation of its policy of failing to appear for three consecutive scheduled days of work with no explanation or reason provided for missing the three days of work

23. That the three scheduled days of work – August 13, 14 and 15 of 2019, fall within the time frame in which the Plaintiff was not cleared to return to work without the a light duty restriction.

24. That prior to the termination of the Plaintiff, Defendant NTC refused to acknowledge Plaintiff's physician's notes that stated he was able to return to work on a light duty basis as well as failed to provide Plaintiff with a reasonable accommodation to allow Plaintiff to return to work.

25. That prior to the termination of the Plaintiff, Defendant NTC never rescinded its directive to the Plaintiff to only return back to work without any restrictions or contacted the Plaintiff to schedule him to return to work by providing him with a reasonable accommodation to allow him to perform the requisite tasks of his job or a different, readily available position.

26. That prior to the termination of the Plaintiff, Defendant NTC was aware of the Plaintiff's Worker's Compensation filing.

27. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

28. That Plaintiff was subjected to discriminatory conduct by the Defendant NTC that created an offensive work environment on the basis of his disability

29. Defendant NTC's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

30. Despite the Plaintiff's complaints about being discriminated against due to his medical condition, Defendant NTC took insufficient corrective action, and condoned said discrimination.

31. That Defendant NTC failed to provide any reasonable accommodations to the Plaintiff that would allow him to perform his job.

32. In the alternative, Defendant NTC failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury.

33. That despite Plaintiff's medical condition not preventing him from performing the requisite duties of his job with a reasonable accommodation, or a different, readily available positon, Defendant NTC terminated the Defendant based on his medical condition and/or in retaliation for filing a Worker's Compensation claim with New York State.

34. As a result of Defendant NTC's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: November 30, 2020

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com
khiller@kennethhiller.com